UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

In re:                                    )
JAMES ARTHUR OVERBY                       )
PATRICIA RAYE OVERBY,                     )    Case No. 10-20602-drd-13
                                          )
                                          )
         Debtors.                         )

## BRIEF IN SUPPORT OF TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

Pursuant to 11 U.S.C. §1325(b), the Chapter 13 trustee respectfully files this Brief in Support of Trustee's Amended Motion to Deny Confirmation of Debtors' Chapter 13 Plan filed on or about June 22, 2010. In support of this objection, the trustee respectfully states as follows:

### FACTUAL BACKGROUND

This is a core proceeding under 28 U.S.C. § 157(b)(2)(L) over which the court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper pursuant to §§ 1408 and 1409.

On March 25, 2010, debtors filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat.37 ("BAPCPA")[1].

Debtors filed their original Chapter 13 plan on March 25, 2010. No amended plans have been filed. The proposed plan is a base plan of thirty-six monthly payments. Based on filed claims to date, the case will pay a dividend of approximately 5.1% to non-priority unsecured creditors.

The B22C form, also filed on March 25, 2010, includes income from employment, the operation of a business and rental/other real property income. The form shows total monthly income of $4773.33, which is $57,279.96 annualized. The applicable median family income is $60,156.00.

---

[1] As applicable to this case, the BAPCPA became effective as to cases filed on or after October 17, 2005.

Based on the filed B22C form, debtors are below median.

Debtors filed an amended B22C form on June 11, 2010 which added $345.00 unemployment compensation to Line 8, but left such amount out of Column A. If the unemployment compensation is added to the monthly income, the total becomes $5118.33 and the annualized amount is $61,419.96, which would be above the median family income for a family of three. The debtors would then have an applicable commitment period of sixty months under *In re Frederickson*, 545 F.3d 652 (C.A.8, 2008). If the unemployment income is excluded, debtors are below median and have an applicable commitment period of thirty-six months. A base/55 case would pay a dividend of approximately 9%.

On June 22, 2010 the trustee filed an amended Motion to Deny Confirmation after review of the amended B22C form. The amended motion alleges that debtors have not complied with 11 U.S.C. §1325(b) as the unemployment income was not included in the monthly income on the B22C.

Debtors filed a response on June 28, 2010 which states that unemployment income is a benefit received under the social security act and is included on the B22C in paragraph 8.

The trustee files this brief in support of trustee's objection to the debtors' plan and requests that the court deny confirmation of the plan for the reasons stated below.

**ISSUE**

Should unemployment compensation reported on Line 8 of the B22C form be included in the determination of current monthly income?

**ARGUMENT**

The term "currently monthly income" was added to the bankruptcy code with the 2005 amendments. The term is defined in 11 U.S.C. §101(10A) as "the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income" and includes "any amount paid by any entity other

than the debtor . . . but excludes benefits received under the Social Security Act . . ."

Paragraph 8 on the Official B22C form directs debtors to enter the monthly amount of unemployment compensation they received during the current monthly income ("CMI") period in either column A or B of the form. Paragraph 8 states "[h]owever, if you contend that the unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below", which has the effect of excluding such income from the calculation of current monthly income. The drafters of the official form have evidently left the issue of whether unemployment compensation is a benefit under the Social Security Act ("SSA") up to the courts.

As discussed above, debtors include the unemployment income on line 8, but exclude it from the calculation of current monthly income, thus contending that the unemployment income is a benefit received under the SSA. The trustee contends that unemployment compensation received during the CMI period is not a benefit received under the SSA and therefore should be included in the calculation of CMI.

There are several reported cases that have addressed this specific issue. The courts have been split so far with their holdings, but the recent trend appears to be towards treating unemployment compensation as income for B22C purposes.

Courts in two Chapter 7 cases have held that unemployment compensation is a benefit under the SSA and therefore should not be included in the calculation of current monthly income. The cases are *In re Munger,* 370 B.R. 21 (Bankr. D Mass. 2007) and *In re Sorrell*, 359 B.R. 167 (Bankr. S.D. Ohio 2007).

Although the court in the *Sorrell* case found that unemployment income was a benefit received under the SSA, the court noted specifically in the third sentence of the decision that it was limited to the

context of a Chapter 7 case. *Id.* at 169-170.

The next two reported decisions were in Chapter 13 cases: *In re Baden*, 396 B.R. 617 (Bankr. M.D. Pa. 2008) and *In re Kucharz*, 418 B.R. 635 (Bankr. C.D. Ill. 2009). The court in both cases held that unemployment benefits were not benefits received under the SSA and should be included in the debtors CMI.

In reaching the decision in the *Kucharz* case, the court went through an extensive analysis of the history of the SSA and its relationship with state-administered unemployment compensation programs. The court noted that the SSA only provides encouragement (by tax incentives) for states to provide unemployment benefits and does not mandate that states set up such programs. The court also pointed out that the states are charged with the administration of the programs: "[u]nemployment insurance claims are submitted to, evaluated and paid or denied by state officials implementing state law. Appeals are heard by state officials. . . [b]enefits are payable as determined under state law and the regulations promulgated thereunder . . ." *Id.* at 639.

The court also addressed the issues regarding the facially ambiguous language of the exclusion provision (". . . but excludes benefits received under the Social Security Act") in 11 U.S.C. §101(10A). The court examined the meaning of the word "under" in the statute and determined that "a purely textual analysis favors the conclusion that unemployment benefits are not received under the SSA." *Id.* at 641. Since the language is ambiguous, the court also examined the language in context and concluded that this also favored inclusion of unemployment benefits in the calculation of CMI. *Id.* at 642. In reaching this conclusion, the court looked at one of the purposes of BAPCPA which has been cited by numerous courts - those who have the ability to pay should do so. *Id.* at 641. The court also examined the purpose of unemployment compensation and the premise behind CMI and found that since CMI income is used on the B22C form as a predictor of future income and temporary unemployment

–4–

benefits serve as a replacement for wages lost due to unemployment, the CMI calculation is at least a starting point to determine future income and a Chapter 13 debtor's ability to pay unsecured debtors than if the unemployment compensation were excluded from the CMI calculation. *Id.* at 642. Based on this analysis, the CMI calculation based on unemployment compensation is a floor rather than a ceiling in determining the return to unsecured creditor, as unemployment compensation is generally only a partial replacement for employment income.

In 2010, there have been three additional decisions regarding this issue: *In re Rose*, 2010 WL 2600591 (Bankr. N.D. Ga. 2010), *In re Nance*, 2010 WL 2079653 (Bankr. S.D. Ind. 2010) and *In re Winkles*, 2010 WL 2680895 (Bankr. S.D. Ill. 2010). *Rose* and *Nance* are Chapter 13 cases while *Winkles* is a Chapter 7 case. All three courts held that unemployment compensation should be included in the calculation of CMI.

The Rose court stated in a footnote explaining the holding that the "better view" is that unemployment income is included in CMI:

> The court's task is to interpret the law in the way that the Court thinks Congress intended. The determinative factor for this Court is the Court's view that Congress most likely used the term, "benefits received under the Social Security Act," in the same way that people ordinarily think of "Social Security benefits." In this Court's judgment, people generally think of "Social Security benefits," as referring to retirement, disability, and other payments that come through the program that is administered by the Social Security Administration and that is called "Social Security;" people usually do not think of unemployment benefits that are administered by a State agency as being a "Social Security benefit" or as being a part of "Social Security." This Court's assessment is that Congress used the term in this ordinary sense." *Rose* at 1.

The Nance court agreed with the analysis and conclusions reached by the court in the *Kucharz*. *Nance* at 2.

The Winkles court also found the *Kurchaz* decision persuasive: ". . . since unemployment compensation is intended as a temporary, partial replacement for wages that would have been earned, 'including those benefits in the CMI calculation is consistent with the predictive purpose of the

−5−

provision,' *In re Kucharz,* 418 B.R. at 642, and is certainly more reflective of what future wages may be than if the unemployment compensation were excluded from the calculation." *Winkles* at 5. The court also observed in a footnote:

> In addition, the purpose of completing Form B22A is to compare the debtors' current monthly income with the state median family income. Under the Bankruptcy Code, the term "median family income" is defined, in part, as "the median family income both calculated and reported by the Bureau of the Census in the then most recent year." 11 U.S.C. § 101(39A)(A). Unemployment benefits and social security benefits are included by the United States Bureau of the Census in collecting income data. *See, e.g.,* U.S. Department of Commerce Bureau of the Census Form D-2. To exclude both social security benefits and unemployment benefits on Form B22A would skew any relevant comparison of the amounts on B22A with the applicable median income. *Id.* at 5.

The SSA does not mandate that states adopt an unemployment benefit program, but federal law does provide a financial incentive in the form of the tax credit as discussed below to encourage states to implement and administer their own unemployment benefit programs. There is a link between the SSA and the state programs but benefits are not paid *under* the SSA, they are paid under state programs and in accordance with state law.

The Division of Employment Security, which is under the Department of Labor, administers the State of Missouri unemployment benefit program. According to the Division's website at http://www.labor.mo.gov/DES/about.asp, they collect tax contributions from employers and then pay unemployment benefits to eligible individuals. The tax contributions are paid into the Missouri Trust Fund, which funds the unemployment payments. The program must conform to the standards set up by Federal Unemployment Tax Law and governed by the U.S. Department of Labor. By doing so, Missouri employers may claim a federal tax credit if the unemployment taxes are paid timely.

## CONCLUSION

Unemployment benefits are paid by state employers through a state-run program and do not appear to be "benefits received under the Social Security Act" pursuant to 11 U.S.C. §101(10A) and

should be included in the calculation of CMI, which in the instant case means that debtors are above median and would need to propose a plan which runs close to the applicable commitment period of sixty months.

Wherefore, for the foregoing reasons, the trustee respectfully requests the court's order denying confirmation of debtors' plan as currently proposed, and for such further relief as may be just and proper.

        Respectfully submitted,

        /s/ *Dana M. Estes*
        Dana M. Estes, #47540
        Staff Attorney
        Office of the Chapter 13 Trustee
        Richard V. Fink, Trustee
        818 Grand Blvd., Ste. 800
        Kansas City, Mo. 64106-1901

### NOTICE OF SERVICE

Appropriate parties will be served by the Chapter 13 Trustee's office either electronically or by mail.

Charles Johnson, attorney for debtor(s) (666)

        /s/ *Dana M. Estes*
        Dana M. Estes
        for Richard V. Fink, Trustee